**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4409**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

WILLIAM HAYWOOD HOUCK,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, Chief District Judge.  (7:12-cr-00127-D-2)

Submitted:  April 15, 2014          Decided:  May 28, 2014

Before DUNCAN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Denzil H. Forrester, THE LAW OFFICES OF DENZIL H. FORRESTER, Charlotte, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Haywood Houck pleaded guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846. The district court calculated Houck's Guidelines range as sixty to seventy-one months' imprisonment. It then applied an upward departure under U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4A1.3 and sentenced Houck to ninety months' imprisonment. On appeal, Houck's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred in applying the upward departure. Houck was informed of his right to file a pro se supplemental brief, but he has not done so. The government declined to file a brief. We affirm.

I.

This court's review of a district court's decision to apply an upward departure is limited to ensuring that it "acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. McNeill, 598 F.3d 161, 166 (4th Cir. 2010) (internal quotation marks omitted). The Sentencing Guidelines allow a district court to depart upwardly

2

when "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1). In determining whether a departure is appropriate under the Guidelines, a court may consider, among other things, prior sentences not used in the criminal history calculation. See U.S.S.G. § 4A1.3(a)(2).

### A.

On appeal, counsel questions whether the district court should have relied on Houck's unscored state convictions to upwardly depart, as there was no evidence that those convictions were felonies under federal law. Because counsel did not raise this objection before the district court, we review for plain error. See United States v. Lynn, 592 F.3d 572, 576-77 (4th Cir. 2010).

A district court may depart under U.S.S.G. § 4A1.3(a)(1) based on prior convictions not used in the computation of a defendant's criminal history category irrespective of whether those convictions were punishable by prison terms exceeding one year. See U.S.S.G. § 4A1.3(a)(2)(A).

In deciding to upwardly depart, the district court below relied on information in the PSR indicating that Houck had sustained six unscored state convictions that were not included

3

in his criminal history calculation. The court also noted that Houck had a lengthy criminal record and a history of recidivism. As Houck made no affirmative showing that the information in the PSR was incorrect, the court was free to adopt and rely on it to impose the upward departure. See United States v. Randall, 171 F.3d 195, 210-11 (4th Cir. 1999); United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998).

B.

Counsel also suggests that Houck should not have been sentenced based solely on the information in the PSR. Counsel emphasizes Houck's robust employment history, the eight-year break in Houck's criminal record, and Houck's statements that he had no plans to return to drug trafficking after his release from prison.

To the extent counsel emphasizes these issues as part of his contention that the district court erred in relying on the information in the PSR, we reject this argument as meritless. To the extent counsel is suggesting that the district court erred in applying the upward departure in light of Houck's personal circumstances, we likewise reject this argument. Before imposing the upward departure, the court considered the break in criminal conduct and Houck's employment history. But it was also entitled to consider the fact that Houck repeatedly returned to criminal conduct, and that he had numerous

4

convictions for conduct similar to the instant conspiracy offense. This history provided a reasonable basis for the district court to upwardly depart.

## II.

In accordance with Anders, we have reviewed the remainder of the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. We also deny without prejudice counsel's motion to withdraw.

This court requires that counsel inform Houck, in writing, of the right to petition the Supreme Court of the United States for further review. If Houck requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Houck.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED